

IN THE UNITED STATES DISTRICT COUR
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TERRY BUTTON and OSSIE BUTTON,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:11CV536 |
| | § | |
| **CHUBB LLOYDS INSURANCE COMPANY OF TEXAS,** | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiffs, Terry and Ossie Button, filed this suit against Defendant Chubb Lloyds Insurance Company of Texas on a number of theories. Plaintiffs contend that Defendant failed to pay for damage to their property's foundation and also failed to fully compensate for water damage pursuant to an insurance policy ("the Policy"). Defendant has paid a significant sum for the property's water damage but refused to pay for items such as replacement of flashing since Defendant contends that flashing and foundation problems are excepted and therefore not covered by the Policy.

Plaintiffs' live complaint asserts the following claims against Defendant: (1) breach of contract/breach of warranty; (2) negligence and negligent misrepresentation; (3) breach of duty of good faith and fair dealing; (4) violations of Deceptive Trade Practices Act/Texas Insurance Code; (5) ambiguity/estoppel; and (6) fraud. *See* Dkt. 48. Plaintiffs also assert that Defendant acted knowingly, intentionally and with malice. *Id*.

Defendant has filed a Motion to Dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) and 9(b) (Dkt. 50). Under the Rule 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiffs, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) ("factual allegations must be enough to raise a right of relief above the speculative level"). A court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

## Breach of Express and Implied Warranties

Plaintiffs allege that Defendant breached its express and implied warranties through its actions. However, Plaintiffs' complaint fails to identify what warranties Defendant breached. Even when Defendant pointed this out in its motion, Plaintiffs did not brief the issue.

Although an implied warranty may arise in the sale of goods under Texas law, this case is not one involving a sale of goods. *See* TEX. BUS. & COMM. CODE ANN. §§ 2.314(a) and 2.315. Therefore, neither the implied warranty of merchantability nor fitness is available to Plaintiffs. The Texas Supreme Court has recognized an implied warranty in a contract for services when the services relate to the repair or modification of existing tangible goods or property, or to the sale of a new home, or when public policy mandates. *See Centex Homes v. Buecher*, 95 S.W.3d 266, 273 (Tex. 2002); *Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist.*, 987 S.W.2d 50, 53

(Tex. 1998).

Such is not the case here. The terms of the Policy defines its benefits and obligations, and no implied warranty can extend those terms. The Policy covers what it covers, and Plaintiffs have full recourse against Defendant for any covered losses. Hence, there can be no "implied" warranty of benefits or obligations which the contract does not in fact have. *See Jay Freeman Co. v. Glens Falls Ins. Co.*, 486 F.Supp. 140 ( N.D. Tex. 1980). Since Plaintiffs failed to brief this issue, the Court can only assume that even Plaintiffs recognize that there is no implied warranty in the Defendant's contract. The motion should be GRANTED as to breach of implied warranty and that claim dismissed.

Moreover, a mere promise by an insurance company to cover losses is not an express warranty of performance. Instead, the promise of performance is simply a term of the contract which, when breached, gives rise to an action for contract damages. *See Brooks, Tarlton, Gilbert, Douglas & Kessler v. U.S. Fire Ins.Co*., 832 F.2d 1358 (5th Cir. 1987). *See also Methodist Hosp. v. Zurich American Ins. Co.*, 329 S.W. 3d 510 (Tex. App.— Houston [14th Dist.] 2009, pet. denied). Plaintiffs have simply failed to point out any independent express warranty in the Policy that Defendant breached. The motion should be GRANTED as to breach of express warranty and that claim dismissed.

Plaintiffs have stated a breach of contract claim and that claim remains at this time.

### Negligence & Negligent Misrepresentation

In their negligence and negligent misrepresentation claim, Plaintiffs allege that "the occurrence made the basis of this lawsuit referred to in this Petition and Plaintiffs' resulting damages

were proximately caused by the negligent acts or failures to act of Defendant." Dkt. 48 at ¶5.1. To the extent that Plaintiffs allege that Defendant is liable for negligent claims handling, Defendant's motion should be GRANTED. "If a defendant's conduct is actionable only because it breaches the parties' agreement, as is the case here, the claim is solely contractual in nature." *See Higginbotham v. State Farm Mut. Auto . Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Although the law has imposed a duty on the insurer to act in good faith and deal fairly with the insured, there is no duty beyond the contract itself."). To the extent Plaintiffs seek to assert breach of another alleged duty, insufficient facts are alleged. The motion to dismiss the negligence and negligent misrepresentation claims should be GRANTED and those claims dismissed.

## Common Law Duty of Good Faith and Fair Dealing

In their next cause of action, Plaintiffs claim that Defendant "failed to comply with their duty of good faith and fair dealing when, without reasonable basis they failed to fully honor Plaintiffs' claim and/or delayed payment without determining whether there was any reasonable basis to do so and when they knew or should have known, based on their duty to thoroughly investigate claims, that there was no reasonable basis for the failure to fully honor the claim and/or delay." Dkt. 48 at ¶5.3. An insurer will be liable if the insurer denies a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered. *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 56 (Tex. 1997). An insurer may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim. *Id.* Having reviewed the complaint here, the Court finds that Plaintiffs have stated a claim for relief as to this claim. The motion to dismiss Plaintiffs' claims of breach of common law duty of good faith and fair dealing should be DENIED and those claims shall

remain.

## Deceptive Trade Practices Act ("DTPA")/Texas Insurance Code

Plaintiffs allege numerous violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code. Having reviewed the facts contained in the complaint, the Court finds that Plaintiffs have stated a claim for relief under the DTPA and Texas Insurance Code as to the following sections of their complaint: ¶¶ 5.4(B); 5.4(C)(3)(1)(ii)(iii)(iv)(v)(vi) and 5.4(D)(1). Specifically, as to Plaintiffs' claims of unconscionable conduct, actions, and course of actions under DTPA Section 17.50(a)(1)(B)(3) of the DTPA, as set forth in ¶5.4B of Plaintiffs' complaint, Plaintiffs have stated a claim. As to Plaintiffs' claims of unfair settlement practices, Plaintiffs have stated a claim under Texas Insurance Code §§ 541.060(a)(2), 541.060(a)(2)(B), 541.060(a)(3), 541.060(a)(4)(A), and 541.060(a)(7), as set forth in ¶5.4(C)(3)(1)(ii)(iii)(iv)(v)(vi) of their complaint. And, as to Plaintiffs' allegations that Defendant violated Texas Insurance Code §§ 542, *et seq*. by failing to timely handle their claim, as set forth in ¶5.4(D)(1) of their complaint, that claim should also survive. Whether such claims will withstand summary judgment is another matter. However, for the purposes of Defendant's Motion, such should be DENIED as to ¶¶ 5.4(B), 5.4(C)(3)(1)(ii)(iii)(iv)(v)(vi) and 5.4(D)(1) of Plaintiffs' complaint and those claims should remain. *See* Dkt. 48 at 5-8. *See generally Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817 (Tex. App.— El Paso, 2011, no pet).

## Misrepresentations in Violation of the Insurance Code and DTPA
## Violations of 541.051 and 541.052 and Fraud

The Court turns next to Plaintiffs' remaining allegations under the DTPA and Insurance Code as well as their claims of fraud to determine whether they satisfy the heightened pleading

requirements here. A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) provides, in pertinent part, that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The amount of particularity required for pleading fraud differs from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds,* 355 F.3d 356 (5th Cir. 2003); *see also Williams v. WMX Techs., Inc.,* 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context specific"). In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir. 2004). In other words, the complaint must provide "the essentials of the first paragraph of any newspaper story." *Melder v. Morris,* 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994). The Court agrees with the Defendant that Plaintiffs have wholly failed to set forth sufficient facts to demonstrate even to the most "casual reader" an element of fraud or misrepresentation. Therefore the motion to dismiss is GRANTED as to Plaintiffs' fraud claims and Plaintiffs' claims of misrepresentations and false statements under the DTPA and Texas Insurance Code, as set forth in ¶¶ 5.4(A), 5.4(C)(1), 5.4(C)(2), 5.4(C)(3)(1)(i), and 5.4(C)(4) of Plaintiffs' complaint.

**Ambiguity/Estoppel**

Equitable estoppel is not a cause of action but may be asserted as a defensive plea to bar a defendant from raising a particular defense. *See Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150,156 n.1 (Tex. 2004). Equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 515-16 (Tex. 1998). Ambiguity is a question of law and not a separate cause of action. *See Sacks v. Haden*, 266 S.W.3d 447, 451 (Tex. 2008). To the extent that Plaintiffs seek affirmative relief as to this claim, Defendant's motion should be GRANTED. Plaintiffs may seek appropriate defensive relief, however.

As to promissory estoppel, such is mutually exclusive of a contract claim, which Plaintiffs have asserted. For many years, Texas courts have held that promissory estoppel becomes available to a claimant only in the *absence* of a valid and enforceable contract. *See Montgomery Indus. Int'l, Inc. v. Thomas Constr. Co., Inc.,* 620 F.2d 91, 95 (5th Cir. 1980) ("Where there is actually no contract the promissory estoppel theory may be invoked") (citing *Wheeler v. White,* 398 S.W.2d 93, 97 (Tex. 1966)); *Subaru of Amer., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 226 (Tex. 2002) ("[T]he promissory-estoppel doctrine presumes no contract exists") (citing *Wheeler,* 398 S.W.2d at 96–97); *Superior Laminate & Supply, Inc. v. Formica Corp.,* 93 S.W.3d 445, 449 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("Promissory estoppel operates to enforce an otherwise unenforceable promise; '[i]t cannot replace an enforceable contract.'") (citing *Vogel v.*

*Travelers Indem. Co.,* 966 S.W.2d 748, 754 (Tex. App.— San Antonio 1998, no pet.)); *Richter, RMS v. Wagner Oil Co.,* 90 S.W.3d 890, 899 (Tex. App.— San Antonio 2002, no pet.) ("Promissory estoppel is not applicable to a promise covered by a valid contract") (citation omitted); *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.,* 52 S.W.3d 327, 336 (Tex. App.— Austin 2001, no pet.) ("If an alleged promise is part of a valid contract, the promisee cannot disregard the contract and sue...under the doctrine of promissory estoppel") (citation omitted). In other words, you cannot have one if you have the other. Defendant's motion to dismiss should be GRANTED as to the claims of promissory estoppel.

## **RECOMMENDATION**

Therefore, as set forth herein, the Court recommends that Defendant Chubb Lloyds Insurance Company of Texas' Motion to Dismiss (Dkt. 50) be GRANTED as to Plaintiffs' breach of express and implied warranty claims, Plaintiffs' negligence and negligent misrepresentation claims, Plaintiffs' fraud claims, Plaintiffs' claims of misrepresentations and false statements under the DTPA and Texas Insurance Code (as set forth in ¶¶ 5.4(A), 5.4(C)(1), 5.4(C)(2), 5.4(C)(3)(1)(i), and 5.4(C)(4) of Plaintiffs' complaint), Plaintiffs' affirmative claims of promissory and equitable estoppel and DENIED as to Plaintiffs' breach of contract claims, Plaintiffs' claims of Plaintiffs' claims of breach of common law duty of good faith and fair dealing, Plaintiffs' claims of unconscionable conduct, actions, and course of actions under DTPA Section 17.50(a)(1)(B)(3) of the DTPA (as set forth in ¶5.4B of Plaintiffs' complaint), Plaintiffs' claims of unfair settlement practices, under Texas Insurance Code §§ 541.060(a)(2), 541.060(a)(2)(B), 541.060(a)(3), 541.060(a)(4)(A), and 541.060(a)(7) (as set forth in ¶¶5.4(C)(3)(1)(ii)(iii)(iv)(v)(vi) of their

complaint), and Plaintiffs' allegations that Defendant violated Texas Insurance Code §§ 542, *et seq*. by failing to timely handle their claim (as set forth in ¶5.4(D)(1) of their complaint).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L. Ed. 2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of December, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE