IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TERRY BUTTON and OSSIE BUTTON** § § | |
| **Plaintiffs,** § § | |
| VS. § | Case No. 4:11CV536 |
| § | |
| **CHUBB LLOYDS INSURANCE COMPANY OF TEXAS** § § § | |
| **Defendant.** § § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Chubb Lloyds Insurance Company of Texas' ("Chubb") Motion for Summary Judgment (Dkt. 55). Chubb issued Terry and Ossie Button ("the Buttons") a standard policy covering property damage ("Policy"). The Buttons have sued on a number of theories arising out of foundation damage to the home as well as water damage. Chubb has covered some of the water damage but refused to pay for foundation problems, as well as some of the water damage resulting from the builder's failure to install moisture barrier and flashing around the windows.

The Court has previously recommended dismissal of some claims on matters raised by Chubb in its Motion to Dismiss. *See* Dkt. 70. The Court found that Plaintiffs had stated a claim for their breach of contract claims, their claims of breach of common law duty of good faith and fair dealing, their claims of unconscionable conduct, actions, and course of actions under DTPA Section 17.50(a)(1)(B)(3) of the DTPA (as set forth in ¶5.4B of Plaintiffs' complaint), their claims of unfair settlement practices, under Texas Insurance Code §§ 541.060(a)(2), 541.060(a)(2)(B), 541.060(a)(3),

1

541.060(a)(4)(A), and 541.060(a)(7) (as set forth in ¶¶5.4(C)(3)(1)(ii)(iii)(iv)(v)(vi) of their complaint), and their allegations that Defendant violated Texas Insurance Code §§ 542, *et seq*. by failing to timely handle their claim (as set forth in ¶5.4(D)(1) of their complaint). *Id.*

This Report and Recommendation addresses those remaining claims. For the reasons stated herein, the Motion for Summary Judgment (Dkt. 55) should be GRANTED IN PART and DENIED IN PART.

### STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

### Breach of Contract

In this case, Chubb claims that its Policy exclusion excludes coverage for the foundation and wall cracks, which it contends are attributable to settling of the soil. The Policy provides that there is no coverage for loss "caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences retaining walls or swimming pools." Dkt. 55-1 at 18 (Policy at Section I - Exclusions (1)(k)). The Policy further states that the exclusion does not apply to loss caused by accidental discharge, leakage, or overflow of water or steam from within a plumbing, heating or air conditioning system or household appliance. Dkt. 55-1 at 17 (Policy at Section I - Exclusions (1)(f)). Exclusions Section (1)(d) of the Policy also

excludes loss caused by or resulting from flood, surface water, tidal water or tidal waves, overflow of streams or other bodies of water, or spray from any of these whether or not driven by wind. Dkt. 55-1 at 17 (Policy at Section I - Exclusions (1)(d)).

In Texas, a contract of insurance is subject to the same rules of interpretation as applied to all other contracts. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex. 1987); *Webster v. U.S. Fire Ins. Co.,* 882 S.W.2d 569, 572 (Tex. App.– Houston [1st Dist.] 1994, writ denied). Insurance contracts must be construed to give effect to all provisions, if possible, and a construction will not be placed on one provision if it will cause another to be meaningless. *Blaylock v. Am. Guarantee Bank Liab. Ins. Co.,* 632 S.W.2d 719, 722 (Tex. 1982); *Jones v. St. Paul Ins. Co.,* 725 S.W.2d 291, 294 (Tex. App.– Corpus Christi 1986, no writ). If the policy is worded so that it can be given only one reasonable interpretation, it will be enforced as written. *State Farm Fire & Cas. Co. v. Reed,* 873 S.W.2d 698, 699 (Tex. 1993); *Webster,* 882 S.W.2d at 572. If the policy is susceptible to more than one reasonable interpretation, the court must resolve the uncertainty by adopting the construction most favorable to the insured. *State Farm,* 873 S.W.2d at 699; *Webster,* 882 S.W.2d at 572. Whether a policy is ambiguous is a question of law. *Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex. 1983). If the policy provision is not ambiguous, interpretation of the unambiguous language is also a question of law. *Id.* at 393.

The Court finds that the Policy here is not ambiguous. However, there is a fact issue as to coverage for water damage and foundation problems. The Buttons' expert opines that the foundation damage is the result of underground water. Even Chubb's expert acknowledges some minor water damage issues in the walls. Sub-surface water damage is not excluded by the policy. *See Transamerica Ins. Co. v. Raffkind*, 521 S.W.2d 935, 938-39 (Tex. Civ. App.– Amarillo, 1975, no

writ). Chubb argues that Exclusion K forecloses any coverage since water damage does not result from a leak. However, Exclusion K does not mention heaving and further Exclusion D does not foreclose loss resulting from sub-surface water. Although the symptoms of settling and heaving are the same, their causes may very well be different. The former due to low moisture content, the latter due to high moisture content. *See generally Nicolau v. State Farm Lloyds*, 869 S.W. 2d 543 (Tex. App. – Corpus Christi 1993), affirmed in part and reversed in part, 951 S.W. 2d 444 (Tex. 1997).

Here, experts have given different theories. If the cracks are solely attributable to settling, then such is excluded. However, if underground water has contributed to the heaving of the soil resulting in damage to the property, such is not excluded from coverage. The jury will make this decision to the delight of one party and to the disappointment of the other. Defendant's motion for summary judgment should be DENIED as to Plaintiffs' breach of contract claims and those claims should proceed to trial.

**Breach of Common Law Duty of Good Faith and Fair Dealing**

Chubb next argues that, since there is no breach of contract claim, there can be no breach of a duty for good faith and fair dealing. Texas law recognizes a duty of good faith and fair dealing in the insurance context. *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). The duty arises from the special relationship that is created by the contract between the insurer and the insured. *Id.; see also Viles v. Sec. Nat'l Ins. Co.,* 788 S.W.2d 566, 567 (Tex. 1990) (recognizing that the duty arises "not from the terms of the insurance contract, but from an obligation imposed in law" as a result of the special relationship). A claim for breach of the duty of good faith and fair dealing is separate from any claim for breach of the underlying insurance contract, *Viles,* 788 S.W.2d at 567, and the threshold of bad faith is reached only when the breach of contract is accompanied by

an independent tort. *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994). To prevail, the insured must prove that the insurer had no reasonable basis for the denial or delay in payment of a claim and that the insurer knew or should have known of that fact. *Id.* at 18; *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex. 1988). An insurer does not breach its duty merely by erroneously denying a claim. *Moriel,* 879 S.W.2d at 17. An insurer may demonstrate its entitlement to summary judgment on this type of claim by demonstrating that there is "a good faith dispute as to coverage." *U.S. Fire Ins. Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997); *see also Perrotta v. Farmers Ins. Exch.,* 47 S.W.3d 569, 575 (Tex. App.– Houston [1st Dist.] 2001, no pet.) (affirming summary judgment on insured's good faith and fair dealing claim because the evidence demonstrated that the insurer "had a reasonable basis for denying the claim based on [the insured's] own breach of the policy"). As long as the insurer has a reasonable basis to deny or delay payment of a claim — even if that basis is eventually determined by the fact finder to be erroneous — the insurer is not liable for the tort of bad faith. *See Lyons v. Miller Cas. Ins. Co. of Tex.*, 866 S.W. 2d 597, 600 (Tex. 1993).

Plaintiffs point to no evidence warranting a fact issue as to an independent tort. If there is no issue of fact as to a reasonable basis for coverage denial, then Chubb is entitled to summary judgment. Chubb has articulated a reasonable basis even if such eventually proves to be erroneous. Therefore, summary judgment should be GRANTED for Defendant as to Plaintiffs' claim of breach of a duty for good faith and fair dealing and Plaintiffs should take nothing by those claims.

**DTPA and Texas Insurance Code Claims**

The Court turns next to Plaintiffs' DTPA claims. To prevail on a DTPA claim, the plaintiff must demonstrate (1) the plaintiff's status as a consumer, (2) the defendant can be sued under the

DTPA, (3) the defendant committed a wrongful act under the DTPA, and (4) the defendant's actions were a producing cause of the plaintiff's damages. TEX. BUS. & COM. CODE § 17.50(a); *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 649 (Tex. 1996) ("A consumer must, in order to prevail on a DTPA claim, ... establish that each defendant violated a specific provision of the Act, and that the violation was a producing cause of the claimant's injury."). Likewise, claims under the DTPA and (former) Section 21.21 of the Texas Insurance Code require the same predicate for recovery as a bad faith cause of action. *See Parkans Int'l, LLC v. Zurich Ins. Co.*, 299 F.3d 514 (5th Cir. 2002); *Emmert v. Progressive County Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.– Tyler 1994, writ denied). The Buttons assert an unconscionable conduct violation under Section 17.50(a)(1)(B)(3) of the DTPA. The Buttons point to no specific evidence to support their DTPA claim. Of course, the Buttons are on notice by this Court's Local Rule 56 that it will not scour the record for material fact issues. E.D. TEX. L. R. CV-56(d). The non-movants' burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. At a minimum, a party should refer to whatever evidence it believes supports its position rather than a global reference that Plaintiffs have presented evidence as to each element of their claim.

A review of Mrs. Button's affidavit does not lend support to a DTPA violation. She contends that Chubb's agent told her that everything in the house was covered. That is the only representation mentioned prior to the time that the Buttons secured coverage. In *Shindler v. Mid–Continent Life Ins. Co.,* 768 S.W.2d 331, 334 (Tex. App.– Houston [14th Dist.] 1989, no writ), the Court held that a misrepresentation claim cannot stand when the party asserting the claim is legally charged with knowledge of the true facts. In *Pankow v. Colonial Life Ins. Co. of Tex.,* 932 S.W.2d 271, 277 (Tex. App.– Amarillo 1996, writ denied), the Court held that an insured is charged with knowledge of the

provisions of his policy. *See also E.R. Dupuis Concrete Co. v. Penn Mut. Life Ins. Co.,* 137 S.W.3d 311, 321–22 (Tex. App.– Beaumont 2004, no pet.) (claimant could not complain about the failure to disclose information about an insurance policy that was available by reading the policy).

The law is clear that misrepresentations about insurance coverage cannot, under the doctrine of estoppel, expand coverage provided in an insurance policy. *See, e.g., Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773, 778–80 (Tex. 2008); *Tex. Farmers Ins. Co. v. McGuire,* 744 S.W.2d 601, 602–03 (Tex. 1988); *Wash. Nat'l Ins. Co. v. Craddock,* 130 Tex. 251, 109 S.W.2d 165, 166–67 (Tex. 1937). An insurance agent's independent representations may affect his responsibilities to his client, but they cannot add to or alter the coverages of any insurance contract or provision. *Int'l Sec. Life Ins. Co. v. Finck,* 496 S.W.2d 544, 546 (Tex. 1973). There is no independent proof that an insurance contract that would cover "everything" even exists.

The Court agrees with Chubb that the complained of acts or omissions must cause injury independent of the injury resulting from a wrongful denial of policy benefits. *MacIntire v. Armed Forces Benefit Ass'n*, 27 S.W.3d 85, 92 (Tex. App.– San Antonio 2000, no pet.). Plaintiffs seek mental anguish damages but such are not recoverable for a breach of contract. *See Royal Maccabees Life Ins., Co. v. James*, 146 S.W.3d 340, 351 (Tex. App.– Dallas 2004, pet. denied). The Buttons failed to point to any evidence to support their DTPA claims. Nevertheless, the Court reviewed all the evidence attached to Plaintiff's Response and finds no issue of fact for determination. Summary Judgment should be GRANTED for Defendant on the DTPA claims asserted.

Section 541.060 of the Insurance Code identifies nine categories of unfair settlement practices. TEX. INS. CODE ANN. § 541.060 (West 2009); *see Leyva v. Ace Am. Ins. Co.,* 330 S.W.3d 6, 9–10 (Tex. App.– El Paso 2010, no pet.). The Buttons have alleged six separate violations. The

statutory "reasonably clear" standard (contained in Section 541.060(a)(2)and (a)(2)(B)) is identical to the common law bad faith standard. *Mid–Century Ins. Co. of Tex. v. Boyte,* 80 S.W.3d 546, 549 (Tex. 2002); *Giles,* 950 S.W.2d at 55. Since the Buttons cannot prevail on their breach of good faith and fair dealing, they cannot prevail on violations of the Section 541.060(a)(2) and (a)(2)(B).

Section 541.060(a)(1) (misrepresentation) contemplates situations where a carrier represents "specific circumstances" which will be covered and subsequently denies coverage. *See U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994). The Buttons fail to identify any specific circumstances. The Court further finds that no evidence has been presented regarding a violation of 541.060(a)(3), (a)(4)(A) or (a)(7). The summary judgment evidence indicates that coverage was denied within a reasonable time, and Chubb undertook a reasonable investigation. That investigation may lead to adverse consequences for Chubb but such does not equate to an Insurance Code violation. Summary judgment should be GRANTED for Defendant as to Plaintiffs' claims of unfair settlement practices.

Finally, the Court looks to the Button's claim that Defendant violated Section 542 of the Texas Insurance Code by failing to timely handle their claim. Section 542.060 provides for statutory penalties and attorneys fees if an insurer fails to promptly pay a claim. Generally, the insured must show that a claim was made; that the insurer is liable under the policy; and that the insurer is not in compliance with the requirements of the subchapter relating to claim investigation and resolution. *See Protective Life Ins., Co. v. Russell*, 119 S.W.3d 274, 285-86 (Tex. App.– Tyler 2003, pet. denied). Until resolution is determined as to the underlying claim, summary judgment is either premature or unwarranted. The motion for summary judgment should therefore be DENIED as to the claim under Section 542.060.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that Chubb Lloyds Insurance Company of Texas' ("Chubb") Motion for Summary Judgment (Dkt. 55) be GRANTED as to Plaintiffs' claims of breach of common law duty of good faith and fair dealing, Plaintiffs' claims of unconscionable conduct, actions, and course of actions under DTPA Section 17.50(a)(1)(B)(3) of the DTPA (as set forth in ¶5.4B of Plaintiffs' complaint), and Plaintiffs' claims of unfair settlement practices, under Texas Insurance Code §§ 541.060(a)(2), 541.060(a)(2)(B), 541.060(a)(3), 541.060(a)(4)(A), and 541.060(a)(7) (as set forth in ¶¶5.4(C)(3)(1)(ii)(iii)(iv)(v)(vi) of their complaint), and DENIED as to Plaintiffs' breach of contract claims and their allegations that Defendant violated Texas Insurance Code §§ 542, *et seq*. by failing to timely handle their claim (as set forth in ¶5.4(D)(1) of their complaint).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 31st day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE